UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CY EMPIRE CORPORATION,

      Plaintiff,      **ORDER REMANDING CASE**
                       18-CV-323 (PKC)
  -against-

TYRONE CURRY,

      Defendant.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

  On January 16, 2018, the Court received a Notice of Removal from Tyrone Curry ("Curry"), a defendant in a pending New York State eviction proceeding. Curry's request to proceed *in forma pauperis* is granted. (Dkt. 2.) For the reasons stated herein, removal should not be permitted, and this action is remanded to the Civil Court of the State of New York, Kings County, pursuant to 28 U.S.C. §§ 1446-1447.

### BACKGROUND

  Defendant Curry's Notice of Removal seeks to remove an action filed in the Civil Court of the State of New York, Kings County ("Brooklyn Civil Court"), under Index Number 86671/17. (Dkt. 1.) On September 25, 2017, Plaintiff Cy Empire Corporation ("landlord") initiated non-payment proceedings against Curry in Brooklyn Civil Court. (*Id.* at 16.)[1] Plaintiff appears to be seeking a judgment of possession evicting Curry from the premises located at 742 Montgomery Street in Brooklyn, New York, as well as a money judgment for back rent, but it is unknown, based on the complaint, if the state court proceedings are ongoing. (*Id.* at 21.) At the same time,

---

[1] All citations to pages of the Complaint refer to the pagination generated by the Electronic Court Document Filing (ECF) system ("ECF").

Campbell alleges violations of the Due Process Clause of the Fourteenth Amendment and the Americans with Disabilities Act. (*Id.* at 4.)

## DISCUSSION

28 U.S.C. § 1441 permits removal of any civil action, commenced in a state court, over which a federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Bounds v. Pine Belt Mental Health Care Res.,* 593 F.3d 209, 215 (2d Cir. 2010). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Emp. Ret. Sys. v. WorldCom, Inc.,* 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). It is appropriate for the Court to determine, *sua sponte*, whether it has subject matter jurisdiction and to remand the case to state court, if necessary. *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 295 (2d Cir. 2000); *see also Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

Here, the Court lacks subject matter jurisdiction over Curry's claims. It is well-settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject matter jurisdiction over state residential landlord-tenant matters. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("[Plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction."); *Allied Manor Rd. LLC v. Berrios*, No. 17 CV 2277, 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017) (remanding action to state court as the Court lacks subject matter jurisdiction over landlord-tenant matters); *Force v. Crowell*, No. 16 CV 06062, 2017 WL 4402451, at *5 (E.D.N.Y. Sept. 30, 2017) (same).

2

That Curry seeks to assert a defense or counterclaim that his rights under the ADA and Fourteenth Amendment have been violated does not alter the Court's conclusion that remand is appropriate; the propriety of removal jurisdiction is determined from the face of the complaint, not from any counterclaims. *See, e.g., Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (defendant's counterclaim cannot provide basis for federal question removal); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983) (defendant's affirmative defense cannot provide basis for federal question removal). Therefore, as the instant action could not have been brought originally in this Court, remand is appropriate. 28 U.S.C. § 1447(c).[2]

---

[2] To the extent that Curry is complaining about a state court order of eviction, the Court would still lack subject-matter jurisdiction over such a claim under the *Rooker–Feldman* doctrine, which provides that federal district courts do not have subject matter jurisdiction over cases that essentially are appeals from state court judgments. *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 84 (2d Cir. 2005); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("[T]he *Rooker–Feldman* doctrine bars lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 n. 16 (1983))). This doctrine applies where a four-prong test is satisfied: (1) the federal court plaintiff lost in State court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites district court review and rejection of that judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009). The *Rooker-Feldman* doctrine applies even where the losing party in the state court proceeding alleges a constitutional violation by the prevailing party. *See Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (summary order) (concluding that plaintiff's complaint "concerns allegations of various civil and constitutional rights violations but essentially amount[ed] to an objection to the disposition of the foreclosure action by the Supreme Court, Nassau County"); *Hall v. Bank of N.Y. Mellon*, No. 15–cv–7156, 2017 WL 1030710, at *4 (E.D.N.Y. Mar. 13, 2017) (finding that plaintiff's [ ] action was barred by the *Rooker–Feldman* doctrine where plaintiff alleged that defendants "violently terminate[d] his property rights protected in the original United States Constitution . . . without due process, and engaged in . . . intentional violation of established federal laws" where plaintiff had lost in his State court foreclosure action (internal quotation marks omitted)).

## CONCLUSION

For the reasons set forth above, the notice of removal is denied, and this action is remanded to the Civil Court of the State of New York, Kings County. The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, Kings County, note service on the docket, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
January 29, 2018